FILED ___ ENTERED ___ RECEIVED ___ SERVED ON COUNSEL/PARTIES OF RECORD

AUG 10 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL S. IOANE, | 3:08-CV-00517-BES-RAM |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Currently before this Court is a Motion to Dismiss Plaintiff's Complaint (#7) filed by the United States of America ("United States"). The United States' motion is directed to Plaintiff's Complaint (#1) filed on September 25, 2008. However, on January 20, 2009 Plaintiff filed a Response to United States' Motion to Dismiss (#11) and a First Amended Complaint (#12). As a general rule, once an amended pleading is filed, the original pleading no longer serves any function in the case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint). Thus, the United States' Motion to Dismiss (#7) has been rendered moot because this action is now proceeding on Plaintiff's First Amended Complaint.

Cognizant of the procedural posture of its original motion, the United States filed a Motion to Dismiss Plaintiff's Amended Complaint (#18) on February 27, 2009. Plaintiff filed a Response (#23) and Defendant filed a Reply (#25).

**I. BACKGROUND**

Plaintiff initiated this action on September 25, 2008 by filing a pro se complaint against the United States. In his Amended Complaint (#12), Plaintiff asserts subject matter jurisdiction

pursuant to 28 U.S.C. § 1331 and 26 U.S.C. §§ 6213(a) and 7432. Plaintiff seeks damages related to federal tax liens filed by the IRS for outstanding federal income tax liabilities for the tax years 1998, 1999, 2000, 2001, and 2002. Plaintiff alleges that he suffered lost job opportunities, a degraded credit report and the inability to obtain loans. Plaintiff also seeks injunctive relief on the basis that the IRS failed to issue any Notice of Tax Deficiency relating to tax years 1998 through 2001.

The United States moves to dismiss both claims of the Amended Complaint under FRCP 12(b)(1) for lack of subject matter jurisdiction.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, a court is not restricted to the face of the pleadings and may review any evidence, such as declarations and testimony, to resolve factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989). Where, as in this case, the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). "The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). Furthermore, when the jurisdictional issue is separable from the merits of the case, as here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) ("the district court is ordinarily free to hear

evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary").

## A. Statute of Limitations for Damages Claim

The United States argues that Plaintiff's claim for damages under 26 U.S.C. § 7432 is barred by the applicable two-year statute of limitations. The statutory filing period for actions brought under section 7432 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(I)(2); 301.7433-1(g)(2). Defendant provides evidence to show that Plaintiff had a reasonable opportunity to know the essential elements of his claim as early as July 7, 2005, when Plaintiff requested a Collection Due Process hearing to challenge the tax liens. (Declaration of Maria Kessner (#20), ¶ 13). Furthermore, on June 7, 2006, Plaintiff received a letter from the IRS apologizing for the delays in withdrawing or releasing the liens at issue. (Id., ¶ 18). Thus, at the latest, Plaintiff knew the essential elements of his claim by June of 2006. Plaintiff filed his complaint against the United States more than two years later, on September 25, 2008. Accordingly, Defendant argues that Plaintiff's delay in pursuing litigation bars his First Cause of Action under the applicable statute of limitations.

Plaintiff contends that his claim is not barred by the statute of limitations because his damages were still accruing within two years of the filing of his complaint. However, there is no authority to support Plaintiff's theory that the accrual of damages affects the running of the statute of limitations under 26 U.S.C. § 7432. It is clear that Plaintiff was aware of the elements of his claim, including damages, when he challenged the IRS liens in July of 2005 and again when he received the IRS letter in June of 2006. As Plaintiff commenced his action more than two years after the latest possible commencement date, his claim for damages should be dismissed for lack of jurisdiction.

## B. The Anti-Injunction Act

The Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Nevertheless, there are several statutory exceptions and a judicially created

1 | exception to the Act. Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999). When a
2 | taxpayer fails to establish that his suit falls within one of the exceptions, the action must be
3 | dismissed for lack of subject matter jurisdiction. Id.; Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.
4 | 1987).

In his amended complaint, Plaintiff alleges that Defendant failed to comply with the notice provisions and is therefore barred from any forced collection activities or assessment pursuant to 26 U.S.C. § 6213(a). Section 6213(a) provides that the IRS may not assess or collect certain types of taxes without first providing a notice of deficiency to the taxpayer in accordance with 26 U.S.C. § 6212. In support of his claim for injunctive relief, Plaintiff maintains that he did not receive a deficiency notice for the years 1998-2001. The United States responds that Plaintiff's allegations are "wholly insubstantial and frivolous" because not only did the IRS send Plaintiff a Notice of Deficiency in September of 2004 for the tax years 1998-2001, but Plaintiff also filed a copy of the Notice of Deficiency with the Tax Court on November 2, 2004. (Dec. of Kessner (#20), ¶¶ 4, 5).

Defendant has presented the Certificates of Assessments, Payments, and Other Specified Matters ("Certificates"), Form 4340, for Plaintiff for the tax years 1998 through 2001. (Id., ¶¶ 7-10). These Certificates are considered accepted methods of establishing the fact that assessments were made and that notices and demand for payment were sent. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992). Defendant's submission of these documents adequately evidences that the statutory notices of deficiency were properly mailed and Plaintiff has failed to offer any evidence to controvert this evidence. The Court concludes that Defendant has established the notices were sent in accordance with the requirements of 26 U.S.C. § 6212. Plaintiff may not rely upon section 6213(a) as a statutory exception to the Anti-Injunction Act and no other exceptions to the Act appear to apply. Accordingly, the Court lacks jurisdiction to grant injunctive relief and Plaintiff's Second Cause of Action must be dismissed.

**C.   Dismissal Without Leave to Amend**

In general, before dismissing a pro se complaint, a district court should give a pro se

4

litigant leave to amend the complaint and a statement explaining the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Karim-Panahi, 839 F.2d at 623; see also Shermoen v. Untied States, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'"). Moreover, where the plaintiff has previously filed an amended complaint, as in this case, the Court's discretion to dismiss without leave to amend is "particularly broad." Miller v. Yokohama Tire corp., 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has not suggested that any amendment could provide additional facts that might sustain his claims, and it is difficult to conceive of such an amendment. Consequently, Plaintiff's action is dismissed without leave to amend.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (#18) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (#7) is DENIED AS MOOT.

DATED: This 10th day of August, 2009.

UNITED STATES DISTRICT JUDGE

5